UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KOLONDIA LATRAY MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-4986-BF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kolondia Latray Morris ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for social security disability benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

**Background**

Plaintiff alleges that she is disabled due to bipolar disorder, anxiety, depression, and hepatitis C. *See* Tr. at 199. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 9, 2012 in Dallas, Texas. *Id*. at 8. At the time of the hearing, Plaintiff was 34 years old. *Id*. at 29. Plaintiff has at least a high school education and work experience as a customer service representative, a home health attendant, and a production worker. *Id*. at 29, 55-56. She has not engaged in substantial gainful activity since December 31, 2008. *Id*. at 30.

The ALJ determined that Plaintiff was not disabled and therefore not entitled to social security disability benefits or supplemental security income. *See id*. at 8-20. Although the medical evidence established that Plaintiff suffered from major depressive disorder and post traumatic stress disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *Id.* at 11-12. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but could not return to her past relevant employment. *Id.* at 18. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of working as a laundry worker, an inspector/packer, and a garment sorter -- jobs that exist in significant numbers in the national economy. *Id.* at 19. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

**Legal Standards**

A claimant must prove that she is disabled for purposes of the Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67

F.3d at 564.  The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present.  *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection."  *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)).  Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision."  *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).  Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error.  *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010).  Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation."  *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

**Analysis**

In a single ground for relief, Plaintiff argues that the ALJ failed to explain the weight given to the opinions of her treating and examining physicians or provide good cause for rejecting those opinions.  Specifically, Plaintiff complains that the ALJ improperly rejected the opinions of (1) Micky Gautam, D.O., a psychiatrist who treated Plaintiff in 2010 and 2011; (2) Linda Ludden, Ed.D., a consultative psychologist who evaluated Plaintiff in March 2011; and (3) Darrell Horton, Ph.D., a psychologist who evaluated Plaintiff in February 2012.  Pl. Br. at 9-10. All three doctors indicated that Plaintiff had symptoms that were more severe than found by the ALJ and could not sustain employment.

Dr. Gautam treated Plaintiff from at least December 14, 2010 to March 31, 2011. *See* Tr. at 367, 376. He diagnosed Plaintiff with bipolar disorder and a social phobia and prescribed lithium, klonopin, and trazadone to treat her conditions. *See id.* at 368, 376. On March 1, 2011, Dr. Gautam completed a mental status report for Plaintiff in which he noted that she was "severely depressed and anxious;" had an impaired ability to relate to others, poor ability to respond to change or stress in a work situation; and was "unable to presently sustain work." *Id.* at 367, 369. He further noted that Plaintiff was alert and oriented; had no hallucinations, paranoia, or delusions; was coherent, logical, and goal-directed in her thought processes; and had intact memory, attention, concentration, fair insight and judgment, and normal ability for abstract thinking. *Id.* at 367-68. He opined that her prognosis was fair with medication and treatment compliance. *Id.* at 369. Dr. Gautam also evaluated Plaintiff on March 31, 2011. *Id.* at 376. At that time, he noted that Plaintiff "has been off her meds for a few weeks" and reported continued feelings of anxiety, depression, irritability and had a "difficult time getting out of the house." *Id.* Except for a depressed and anxious mood, Plaintiff's mental status exam was essentially normal. *Id.*

Dr. Ludden evaluated Plaintiff on March 23, 2011. *See id.* at 370. In a Confidential Cognitive Report completed the same day, Dr. Ludden noted that Plaintiff reported feelings of depression, low energy, lack of interest in daily activities, and disturbed sleep patterns. *Id.* at 370. Dr. Ludden assessed Plaintiff's thought processes as logical and goal-oriented, estimated her intelligence to be below average, and determined her immediate and remote memory were satisfactory, but her short-term memory was poor. *Id.* at 372. Plaintiff's concentration was normal, and her judgment was satisfactory. *Id.* at 373. Dr. Ludden diagnosed Plaintiff with major depressive disorder and post traumatic stress disorder. *Id.* She found that Plaintiff had

serious social or occupational impairment, rated Plaintiff's global assessment of functioning at 42, and determined Plaintiff's prognosis was poor. *Id.*

Dr. Horton evaluated Plaintiff on February 23, 2012 at the request of her attorney. *See id.* at 451. Dr. Horton conducted a clinical interview and a personality assessment inventory. *Id.* at 452. He opined that Plaintiff suffered from a major depressive disorder, a mood disorder, and a personality disorder. *Id.* at 454. He opined that "[h]er prognosis for competitive employment is poor" and that her functional limitations include: understanding and remembering detailed instructions; carrying out detailed instructions; interacting appropriately with the general public; maintaining socially appropriate behavior; completing a normal workday and workweek without interruption form psychologically based symptoms; performing at a consistent pace; responding appropriately to criticism from a supervisor; and dealing with normal work stress. *Id*. at 456. He also noted, however, that Plaintiff's validity scores indicate deliberate distortion and possible malingering. *Id.* at 452, 454.

The ALJ summarized these physicians' opinions, as well as other medical source opinions and medical evidence, in his written decision. *See id.* at 12-17. The ALJ stated in his decision that he gave all medical opinions the weight they merited in light of the record as a whole. *Id.* at 17. He also stated that he gave "greater weight" to the opinions of the State Agency's experts because their opinions were consistent with and supported by the record. *Id.* at 17-18. After considering all the evidence in the record, the ALJ determined that Plaintiff had the RFC for the full range of work at all exertional levels and, "from a mental standpoint," she maintains the ability to learn, understand, remember, and carry out at least simple, one to two-step instructions and tasks; use judgment in making simple work-related decisions respond and relate appropriately to others, such as supervisors and co-workers, but is limited to minimal

contact with co-workers or the public; maintain attention and concentration for at least two-hour intervals; and adapt to and deal with simple changes in work settings and environments. *Id.* at 12. The ALJ further determined that, given this RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform, including the jobs of laundry worker, inspector packer, and garment sorter. *Id.* at 19. Plaintiff contends that the ALJ's decision is deficient and must be remanded because he did not specifically indicate the weight he gave to the opinions of Drs. Gautam, Ludden, and Horton or sufficiently explain why he rejected those opinions.

"A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Newton*, 209 F.3d at 455. The ALJ may give little or no weight to a treating source's opinion, however, if good cause is shown. *Id*. at 455–56. "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id*. at 456. "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Id*. at 453. Section 404.1527(d)(2) of the Social Security Regulations sets forth six factors that the ALJ must consider before giving less than controlling weight to a treating source's opinions: (1) length of treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) the support of the source's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole;

and (6) the specialization of the source. 20 C.F.R. § 404.1527(d)(2); *see also Newton*, 209 F.3d at 456.

Here, the ALJ did not entirely reject Dr. Gautam's opinions. *See* Tr. at 12. Rather, he agreed that Plaintiff was somewhat limited in her ability to relate to others and respond to change in a work situation and included limitations in her RFC for only minimal contact with co-workers and the public and simple changes in work settings. *Id.* To the extent the ALJ did not give greater weight to Dr. Gautam's opinions, he indicated that he did so because he did not find the Plaintiff's treating physician's opinions to be otherwise supported by the evidence. *Id.* at 17. The evidence includes contradictory opinions by state agency reviewing physicians that Plaintiff's limitations are not disabling and that she has the ability to understand, remember, and carry out simple instructions; make simple decisions; attend and concentrate for extended periods of time; interact adequately with coworkers and supervisors; and respond appropriated to changes in routine work settings. *Id.* at 384-401, 426-28. Plaintiff's own statements further indicate that she is not completely disabled as she is able to take care of her personal needs, complete chores, prepare meals, handle her finances, shop for groceries, drive, and use a computer. *Id.* at 39-40, 371. That Dr. Gautam's opinions are inconsistent with and not otherwise supported by the evidence constitutes good cause for affording those opinions little or no weight. *Newton*, 209 F.3d at 456; *see also Henderson v. Colvin*, 520 F. App'x 268, 273 (5th Cir. 2013) (affirming Commissioner's decision to deny benefits where ALJ explained that he gave little weight to evidence from plaintiff's treating physicians because their opinions were inconsistent with other evidence presented, including plaintiff's own testimony about her daily activities).

Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), he cited to the applicable regulations and demonstrated that the relevant factors had been considered. *See* Tr. at 13, 17. The ALJ specifically noted that Dr. Gautam had treated Plaintiff for only three months and he accurately summarized the clinical notes from both of her examinations, *id.* at 13, showing that he properly considered the length, nature, and extent of the treatment relationship, as well as the frequency of examination factors. His discussion of the other medical evidence of record shows that he considered whether Dr. Gautman's opinion is supported by and consistent with the record as a whole. The regulations require only that the Commissioner "apply" the section 1527(d)(2) factors and articulate good reasons for the weight assigned to a treating source opinion. See 20 C.F.R. § 404.1527(d)(2). The ALJ need not recite each factor as a litany in every case. No error occurred in this regard, and remand is not required.

Nor did the ALJ err in rejecting the opinions of Drs. Ludden and Horton. "[A]lthough the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). As noted, Drs. Ludden and Horton's opinions which indicate more severe limitations on Plaintiff's ability to work than found by the ALJ are inconsistent with and not supported by other evidence of record. *Id.* at 384-401, 426-28. Further, the regulations for evaluating opinion evidence set forth in 20 C.F.R. § 404.1527(d)(2), only apply to the medical opinions of treating physicians. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Finally, to the extent Plaintiff complains that the ALJ rejected Dr. Gautam's opinion that she was "unable to presently sustain work," Tr. at 369, or Dr. Horton's opinion that "her

prognosis for competitive employment is poor," *id.* at 456, such opinions are not medical opinions and, thus, have no special significance. 20 C.F.R. § 404.1527(e)(1); *see also Frank*, 326 F.3d at 620 (determination that claimant is "unable to work" is a legal conclusion reserved to the Commissioner). The ALJ properly rejected those opinions. The ALJ's decision to give the opinions of Drs. Gautam, Ludden, and Horton little or no weight because they was inconsistent with other record evidence is supported by substantial evidence, and remand is not required.

**Conclusion**

The Commissioner's decision is AFFIRMED in all respects.

SO ORDERED, March 6, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE